NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CECILIO AREVALO RUANO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-371

Agency No.
A074-668-727

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2023**
Pasadena, California

Before: SANCHEZ and MENDOZA, Circuit Judges, and DONATO, District
Judge.***

Cecilio Arevalo Ruano, a native and citizen of Guatemala, petitions for

review of a final decision by the Board of Immigration Appeals ("BIA")

dismissing his appeal from the Immigration Judge's ("IJ") order denying his

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. We do not address Arevalo Ruano's claims that the IJ erred in its adverse credibility, res judicata, and time-bar determinations because the BIA did not reach those questions. "Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (quoting *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012)). In reviewing the BIA's decision, "we consider only the grounds relied upon by that agency." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021).

2. Arevalo Ruano did not challenge before the BIA the IJ's dispositive determinations that his proposed particular social group is not legally cognizable and that he failed to satisfy the burden for CAT protection. Because Arevalo Ruano failed to exhaust any argument challenging these determinations as required under 8 U.S.C. § 1252(d)(1), we may not consider them over the government's objection. *See Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1114 (2023); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

**PETITION DENIED.**